UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02261-WYD

VICKIE R. STANBERRY,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

 Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Costs and Plaintiff's Petition for Fees Under 28 U.S.C. § 2412, both filed October 4, 2010.  I first address the Petition for Fees.

The Petition seeks an award of attorney's fees to Plaintiff in the amount of $9,370.45 pursuant to the Equal Access to Justice Act ["EAJA"].  Plaintiff asserts that she is the prevailing party as a result of the Court's Order of September 27, 2010, which reversed the Commissioner's decision denying Plaintiff benefits   She also argues that the Commissioner's position was not substantially justified.  A response was filed on October 29, 2010, and a reply was filed on November 2, 2010.

Plaintiff's request for fees is supported by affidavits and a time sheet.  She requests an award of fees for 53 hours for attorney work.  She also seeks hourly rates based on an increase in the cost of living and attaches the Consumer Price Index.

Specifically, Plaintiff requests that fees be awarded at an hourly rate of $176.51 for work performed in 2009 and $177.62 for work performed in 2010.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). Here, the Commissioner does not contest Plaintiff's entitlement to fees under the EAJA. I agree that an award of fees is appropriate, as Plaintiff is the prevailing party, I ind that the Commissioner's position was not substantially justified, and the other requirements for an award of fees are met under the EAJA.

The next issue is the amount of fees to be awarded. The Commissioner requests that the Court award a reduced amount because he claims that the amount requested is excessive. Specifically, it is requested that the Court award an attorney fee award of $5,666.08 for 32 hours of work at an hourly rate of $177.07.

As grounds for this argument, the Commissioner argues that Plaintiff has not met her burden of demonstrating that the fees were reasonable. That is because he asserts that this was a typical case that did not involve novel issues and the time spent exceeds the typical number of hours spent on a social security disability claim. Specifically, the Commissioner takes issue with Plaintiff's counsel spending almost 37.5 hours researching and drafting his opening brief and 12.5 hours preparing the reply brief. It is

argued that this time is unreasonable since the same issues have existed throughout

the pendency of the case, including when the case was before the Appeals Council.

The Commissioner also argues that the case did not involve a significant amount of

pertinent evidence, and that Plaintiff's argument focused on three routine issues that did

not require extensive research.

Turning to my analysis on the amount of fees, the EAJA allows for an award of

reasonable fees to the prevailing party at the rate of $125 per hour unless the court

determines that an increase in the cost of living justifies a higher fee.  28 U.S.C. § 2412.

The reasonableness of the total fee request is determined by looking at whether the

hours spent representing the Plaintiff were "reasonably expended".  *See Blum v.*

*Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983);

see also 28 U.S.C. § 2412(d)(2)(A).  "A district court should approach this

reasonableness inquiry 'much as a senior partner in a private law firm would review the

reports of subordinate attorneys when billing clients.'"  *Robinson v. City of Edmond*, 160

F.3d 1275, 1281 (10th Cir. 1998) *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th

Cir. 1983)).  In making this determination, the court should "examine hours allotted to

specific tasks."  *Ramos*, 713 F.2d at 554.

I have considered all of the Commissioner's arguments and reject them.  I find

that the time spent by Plaintiff's counsel was reasonably expended given the facts and

circumstances regarding this case.  I first note that while the time incurred by counsel of

53 hours is slightly more than some courts have noted is the average amount of time

spent on a social security case, *see Hayes v. Sec. of Health and Human Servs*, 923

F.2d 418, 422 (6th Cir. 1990) (finding that 30 to 40 hours was the average amount of time spent on a social security case), the fees are still within the range of reasonable time.  See *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1177 (D. Kan. 2007) (53.25 hours was reasonable); *Harris v. Barnhart*, 259 F. Supp. 2d 775, 778 (E.D. Wis. 2003) (noting that courts in that circuit had approved fees in the range of 50 to 66 hours); *see also Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (48.2 hours reasonable).

As to the actual hours incurred on the specific tasks, including the briefing conducted by Plaintiff's counsel, I find that the hours were reasonably expended.  I do not agree with the Commissioner that this was a simple case involving little analysis.  As one court noted in a case similar to this one, "[w]hile the primary argument[s] w[ere] based on well-settled law, counsel was required to engage in an extensive analysis of the record in order to highlight its deficiencies."  *Harris*, 259 F. Supp. 2d at 783.  This included a detailed analysis of the treating providers' opinions and the ALJ's errors in connection with not properly weighing those opinions.  Plaintiff prevailed on every ground argued in the briefs, and the Court actually awarded benefits to Plaintiff versus remanding the case back to the Commissioner.  Thus, the results from counsel's briefing were extremely favorable to Plaintiff.

I also note that the Commissioner has not presented any evidence to refute the reasonableness of counsel's time spent on the case, including any evidence as to how much time his counsel spent on the case.  Finally, Plaintiff is not seeking any fees incurred by counsel in connection with the reply brief in regard to his motion for fees,

also lending to the overall reasonableness of the fees.  Accordingly, I will award Plaintiff

fees based on 53 hours of work as requested in the motion.

As to the hourly rate, I find that Plaintiff's request for an increase in the hourly

rates is appropriate based on the Consumer Price Index.  Indeed, the Commissioner

does not appear to dispute the reasonableness of the hourly rate, requesting only

without authority that the Court award fees based on the average between the two rates

requested for 2009 and 2010.  Therefore, I accept the hourly rates proposed by Plaintiff.

I also note as to the request for fees that the reply brief requests that I order the

fee award be made out to Plaintiff's counsel pursuant to an assignment of fees from

Plaintiff to her counsel.  I reject this request.  An EAJA award is payable to the litigant,

not his or her attorney, and is subject to offset to satisfy a pre-existing debt that the

litigant owes the United States.  *Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521, 2525-

2529 (June 14, 2010).  The Commissioner may, however, choose to make the payment

directly to Plaintiff's counsel, as acknowledged in *Ratliff.*  The Supreme Court noted

therein that the government continues to make direct payments to counsel "where 'the

plaintiff does not owe a debt to the government and assigns to right to receive the fees

to the attorney.'"  *Id.* at 2529 (quotation omitted).  The Commissioner states in its

response that it will consider this issue when it makes payment.  That is a determination

for the Commissioner to make, not the Court.

Finally, Plaintiff has filed an unopposed motion for costs, seeking $18.96 in costs

for service of process in this case.  This motion is also granted.

Based upon the foregoing, it is

ORDERED that Plaintiff's Petition for Fees Under 28 U.S.C. § 2412 (ECF No. 24 filed October 4, 2010) is **GRANTED**.  Plaintiff is awarded attorney's fees in the amount of **$9,370.45**.  It is

FURTHER ORDERED that Plaintiff's Unopposed Motion for Costs (ECF No. 23 filed October 4, 2010) is **GRANTED**.  Plaintiff is awarded costs in the amount of **$18.96**.

Dated:  March 1, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge